## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEVIN COLEMAN, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **RECOVERY NETWORK OF** | : | JANUARY 13, 2019 |
| **PROGRAMS, INC** | : | |
| Defendant. | : | |

## COMPLAINT
## JURISDICTION AND VENUE

1.  This action arises under arises under Title VII of the Civil Rights Act of 1964 codified as 42 U.S.C. 2000e, *et al.* ("Title VII"); the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. 46a-60, *et seq.*; and Connecticut state law.

2.  The jurisdiction of this court is founded upon 28 U.S.C. §1331 (federal question) and the provisions of 28 U.S.C. §1343.

3.  Venue is proper in the District of Connecticut pursuant to 28 U.S.C. §1391(b) in that the claims arose in this district and Plaintiff resides in this district.

4.  Supplemental jurisdiction over Plaintiff's supplemental state law claims are invoked pursuant to 28 U.S.C. §1367 as the claims arise out of the same transaction and occurrences as Plaintiff's federal claims.

5.  Costs, expert witness fees and attorney's fees are sought pursuant to 42 U.S.C. §1988.

6.      Plaintiff filed a timely claim and amended claim with the Connecticut Commission on Human Rights and Opportunities ("CHRO").

7.      Plaintiff filed a timely claim and amended claim with the Equal Employment Opportunity Commission ("EEOC").

8.      The Plaintiff received a timely Release of Jurisdiction from the CHRO, for those claims, on October 2, 2017 and October 5, 2018.

9.      The Plaintiff received a timely Notice of Right to Sue, for those claims, from the EEOC on October 2, 2017 and October 16, 2018.

## PLAINTIFF

10.     The Plaintiff, Kevin Coleman ("Plaintiff" or "Coleman") resides at 14 Oakland Street, Manchester, CT.

## DEFENDANT

11.     The Defendant, Recovery Network of Programs, Inc. ("Defendant" or "RNP"), is located at 2 Trap Falls Road, Ste., 405, Shelton, CT 06454.

12.     RNP employs more than twenty (20) individuals.

## FACTS

13.     Plaintiff, worked for defendant's Detoxification Unit, located at 425 Grant Street, Bridgeport, CT 06484.

14.     Plaintiff was hired by the defendant on January 19, 2016 and most recently held the position of Clinical Coordinator.

15.     Plaintiff always performed the duties of his position in a satisfactory manner.

16.     At the time, John Hamilton ("Caucasian"), was the CEO.

17.     At all times relevant, Aneta Galek ("Caucasian"), was the Director.

18.     Jennifer Kowalski, the Director of Clinical Services, is Caucasian

19.     Throughout his employment, Plaintiff complained to Kowalski about Denise, a Caucasian subordinate's poor behavior and attitude towards clients.

20.     In retaliation, Denise complained to Kowalski making up false allegations.

21.     Nonetheless, defendant immediately sided with Denise and suspended Plaintiff, along with three other African-American employees.

22.     Plaintiff was also falsely accused, of raising his voice to a co- worker in front of clients - which was blatantly false.

23.     Defendant told me to come back to work on April 3rd - when Plaintiff returned to work on 3rd Plaintiff was immediately told to return home.

24.     On April 4, 2017, Plaintiff was wrongfully terminated.

25.     Plaintiff had no prior write-ups and defendant bypassed progressive discipline

## COUNT ONE
### VIOLATION OF TITLE VII – DISCRIMINATION BASED ON RACE

26.     The Plaintiff hereby re-alleges and reincorporates paragraphs 1-25 as if more fully set forth herein.

27.     As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety and loss of the ability to enjoy life's pleasures and activities.

28.     Plaintiff is seeking damages as a result of RNP's unlawful conduct.

## COUNT TWO
### VIOLATION OF CONN. GEN. STAT. §46A-60a - RACE DISCRIMINATION

29.   The Plaintiff hereby re-alleges and reincorporates paragraphs 1-25 and 26-28 as if more fully set forth herein.

30.   These adverse employment actions were taken as a result of the Plaintiff's African-American race.

31.   RNP's actions are a violation of Gen. Stat. §46a-60a.

32.   As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety and loss of the ability to enjoy life's pleasures and activities.

33.   Plaintiff is seeking damages as a result of Defendant's unlawful conduct

## COUNT THREE
## VIOLATION OF TITLE VII – RETALIATION BASED UPON RACE

34.   The Plaintiff hereby re-alleges and reincorporates paragraphs 1-25, 26-28, and 29-33 as if more fully set forth herein.

35.   The retaliatory employment actions to which Plaintiff was subjected to were the direct consequence and in retaliation for Plaintiff's opposition to unlawful race discrimination.

36.   The Defendant's actions violate Title VII.

37.   As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages that include, but are not limited to: lost or reduced wages, fringe benefits, health insurance benefits, and pension payments; emotional and psychological distress, stress, anxiety; physical injury; and the loss of the ability to enjoy life's pleasures and activities.

38.   Plaintiff is seeking damages as a result of Defendant's unlawful conduct.

## COUNT FOUR

-4-

**RETALIATION IN VIOLATION OF CONN. GEN. STAT. §46A-60(a)(4) – RACE AND NATIONALITY DISCRIMINATION**

39.     The Plaintiff hereby re-alleges and reincorporates paragraphs 1-25, 26-28, and 29-33, and 34-38 as if more fully set forth herein.

40.     Defendant's actions are a violation of Conn. Gen. Stat. §46a-60(a)(4).

41.     As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety and loss of the ability to enjoy life's pleasures and activities.

42.     Plaintiff is seeking damages as a result of Defendant's unlawful conduct.

**COUNT FIVE**
**VIOLATION OF TITLE VII - HOSTILE WORK ENVIRONMENT**

43.     Plaintiff incorporates paragraphs 1-25, 26-28, and 29-33, 34-38, and 39-42 as if fully set forth herein at length.

44.     The Plaintiff, an African-American male, is a member of a protected class.

45.     The Plaintiff was at all times qualified for the position he held.

46.     The Plaintiff performed his job in a professional and competent manner, and received good employment reviews.

47.     The conduct of Defendant subjected the Plaintiff to a hostile work environment.

48.     The Defendant violated Title VII of the Civil Rights Act of 1964, as amended, by discriminating against the Plaintiff by, among other acts and actions, creating and maintaining a hostile work environment on the basis of his race.

49.     As a result of the foregoing unlawful conduct, the Plaintiff suffered and will continue to suffer damages, including but not limited to economic damages, emotional and

psychological stress, distress, anxiety and the inability to enjoy life's pleasures.

50.    Plaintiff seeks damages as a result of Defendant's unlawful conduct.

## COUNT SIX
## VIOLATION OF CONN. GEN. STAT. §46A-60(a)(1) HOSTILE WORK ENVIRONMENT BASED UPON RACE DISCRIMINATION

51.    The Plaintiff hereby re-alleges and reincorporates paragraphs 1-25, 26-28, 29-33, 34-38, 39-42, and 43-50 as if more fully set forth herein.

52.    Defendant's actions are a violation of Conn. Gen. Stat. §46a-60(a)(1).

53.    As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety and loss of the ability to enjoy life's pleasures and activities.

54.    Plaintiff is seeking damages as a result of the Defendant's unlawful conduct.

## COUNT SEVEN
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

55.    The Plaintiff hereby re-alleges and reincorporates paragraphs 1-25, 26-28, 29-33, 34-38, 39-42, 43-50 and 51-54  as if more fully set forth herein.

56.    The conduct of the Defendant and its employees was extreme and outrageous.

57.    Defendant knew or should have known of the conduct of its managers and employees.

58.     Defendant refused to take any steps to address, stop or prevent such conduct.

59.     Defendant knew that the above incorporated conduct would likely result in the severe emotional distress of the Plaintiff.

60.     As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages including but not limited to emotional and psychological distress, stress, anxiety and loss of the ability to enjoy life's pleasures and activities.

61.     Plaintiff seeks damages as a result of Defendant's unlawful conduct.

## PRAYER FOR RELIEF

Wherefore the Plaintiff prays that this court award:

1. Money damages;

2. Costs;

3. Punitive damages, attorney fees, and expert witness fees;

4. Pre-judgment interest

5. Trial by jury; and

6. Such other relief as the Court deems just, fair, and equitable.

THE PLAINTIFF,
KEVIN COLEMAN

By:

Eugene N. Axelrod (ct00309)
Axelrod & Associates, LLC
8 Lunar Drive
Woodbridge, CT 06525
Tel. 203.389.6526
Fax 203.389.2656
Email: Eaxelrod@axelrodlegal.com

## CERTIFICATION

I hereby certify that on January 14, 2019 a copy of the foregoing was electronically filed and served on anyone unable t accept electronic filing. Notice of this filing will be sent to all parties by operation of this Court's electronic filing system or by mail to anyone unable to accept

electronic filing system by msail to anyone unable to accept electronic filing through the Court's CM/ECF System.

_____

Eugene Axelrod (ct00309)